UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLINT PHILLIPS, III,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )      No. 4:13CV529 HEA
                                  )
UNKNOWN GEIGER, et al.,           )
                                  )
          Defendants.             )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Clint Phillips, III, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action for monetary relief under 42 U.S.C. § 1983 against St. Louis County Police Officer Unknown Geiger, the St. Louis County Police Department, and St. Louis County.

Plaintiff alleges that on November 28, 2008, defendant Geiger went to his house because of a disturbance or for some other reason.  According to the complaint, plaintiff and his wife had assaulted one another.  Plaintiff says that he refused to let Geiger into his house, but he admits that his wife allowed Geiger entry into the house.  Geiger ran plaintiff's identification and learned that plaintiff was wanted for questioning.  Plaintiff says he did not cooperate with Geiger, and he alleges that Geiger arrested him and took him to the police station.

Plaintiff asserts that he was handcuffed and placed in a holding cell for about three hours. Plaintiff says that when detectives questioned him he confessed to throwing a soda at his wife when she threw water on him.

Plaintiff alleges, in a conclusory manner, that the County of St. Louis has a policy of prosecuting males and not females for "similar instances of domestic violence."

## Discussion

The complaint is silent as to whether defendant Geiger is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any non-conclusory allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result,

the complaint fails to state a claim upon which relief can be granted as to Geiger. The complaint fails to state a claim against St. Louis County for this reason as well.

Plaintiff's claim against the St. Louis County Police Department is legally frivolous because the Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**. All other motions are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of April, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE